IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MAN WAI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YORK YUAN YUAN ZHU,<br><br>Defendant. | Case No. 20-cv-06302-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS; SETTING DEADLINE TO SERVE ZHU; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS; VACATING CASE MANAGEMENT CONFERENCE** |

Before the Court are two motions filed by defendant York Zhu ("Zhu"): (1) "Motion to Quash Service of Summons," filed October 30, 2020; and (2) "Motion to Dismiss Based on Forum Non Conveniens," also filed October 30, 2020. The motions have been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

**A. Motion to Quash Service of Summons**

On September 4, 2020, plaintiffs Kam Man Wai, Mok Kan Ning, Young Wai Bon, and Young Tze Kwan filed the instant complaint, asserting claims arising from their investment in a company allegedly owned by Zhu. (See Compl. ¶¶ 1-2.) On September 17, 2020, a process servicer left the summons and complaint with Zhu's wife at a residence in Palo Alto, California. (See Proof of Service, filed September 23, 2020.)

By the instant motion, Zhu argues the service attempt was insufficient under the Federal Rules of Civil Procedure. In support thereof, Zhu offers evidence, undisputed by plaintiffs, that he is a "resident of China" (see Zhu Decl. ¶ 2), that his "usual[ ] place of

---

[1] By order filed January 19, 2021, the Court took the matters under submission.

abode" in is Nantong, China (see id. ¶ 3), that, although he owns the property in Palo Alto where the process server left the summons and complaint with Zhu's wife, he has not been to such location, or any other location in California, since June 2015 (see id. ¶¶ 4-5), and that he has never given his wife "authority to accept any legal documents on [his] behalf" (see id. ¶ 6).

Plaintiffs argue the manner of service was proper, on the asserted ground that the property in Palo Alto is Zhu's "home address" and/or his "mailing address." (See Pls.' Opp. at 2:19-24.) Specifically, plaintiffs rely on Rule 4(e), which provides that a defendant may be served by "following state law for serving a summons . . . in the state where the district court is located," see Fed. R. Civ. P. 4(e)(1), and, in turn, on § 415.20 of the California Code of Civil Procedure, which provides in relevant part:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household . . ., at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

See Cal. Civ. Proc. Code § 415.20(b).

Plaintiffs, as noted, have failed to offer any evidence to dispute Zhu's showing that he has not been to the Palo Alto property for over five years, thus foreclosing a finding that the Palo Alto property is Zhu's "dwelling house" or his "usual place of abode." See Cal. Civ. Proc. Code § 415.20(b). Nor have plaintiffs offered or cited to any evidence to support a finding that the Palo Alto property is Zhu's "usual mailing address." See id.[2] Consequently, plaintiffs have failed to effectuate service under § 415.20(b).

Plaintiffs also argue that because Zhu "does not deny" he received the summons

---

[2] Further, plaintiffs offer no evidence to show that, after the process servicer left the summons and complaint with Zhu's wife at the Palo Alto property, plaintiffs mailed a copy of the summons and complaint to Zhu at that location, as required by § 415.20(b).

1  and complaint, he has "actual knowledge" of the lawsuit, and thus service should be
2  deemed sufficient. (See Pls.' Opp. at 3:2-3, 4:7, 11-12.) Plaintiffs cite no authority
3  holding deficient service of process is excused if the defendant has "actual knowledge" of
4  the lawsuit. Indeed, the Ninth Circuit has rejected such theory, holding that, in the
5  absence of "substantial compliance with Rule 4, "actual notice" of an action is insufficient.
6  See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). Here, as discussed
7  above, plaintiffs did not comply at all, let alone substantially, with § 415.20(b).

      Accordingly, the motion to quash service will be granted.

      In his motion, Zhu asserts he can only be served pursuant to the procedures set forth in the Hague Convention, and plaintiffs, in their opposition, appear to acknowledge such procedure would be necessary if the Court were to find, as it has, their above-discussed efforts were not sufficient. As the ninety-day deadline to serve a defendant does not apply to "service in a foreign country," see Fed. R. Civ. P. 4(m), and as plaintiffs assert it may take a significant period of time to serve Zhu through the Hague Convention, the Court will set a deadline of November 30, 2021, for plaintiffs to file proof of service upon Zhu. If plaintiffs have not, by said deadline, filed proof of service on Zhu or filed a motion showing good cause exists for a further extension, the Court will dismiss the above-titled action, without prejudice, for failure to serve.

**B. Motion to Dismiss Based on Forum Non Conveniens**

      In light of the findings set forth above, Zhu's alternative motion to dismiss is hereby DENIED as moot.

**CONCLUSION**

For the reasons stated above:

1. Zhu's motion to quash service of the summons and complaint is hereby GRANTED, and plaintiffs are hereby DIRECTED to file, no later than November 30, 2021, proof of service on Zhu.

2. Zhu's motion to dismiss is hereby DENIED as moot.

3. In light of the above, the Case Management Conference scheduled for

3

February 12, 2021, is hereby VACATED, and will be reset in the event plaintiffs file proof of service of the summons and complaint on Zhu.

**IT IS SO ORDERED.**

Dated: January 21, 2021

MAXINE M. CHESNEY
United States District Judge